IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KELLY ANN PATTON, AS SUCCESSOR AGENT AND ATTORNEY-IN-FACT FOR PATRICIA ANN PATTON, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-17-2338 |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, | § § § § § | |
| Defendants. | § § | |

**MEMORANDUM & OPINION GRANTING THE DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Kelly Ann Patton and Christi Lee Patton sued on behalf of their mother, Patricia Ann Patton, to prevent JP Morgan Chase from foreclosing on Patricia Patton's house. The defendants moved for summary judgment, (Docket Entry No. 34), and the plaintiffs did not respond. The motion for summary judgment is granted and final judgment is entered by separate order, for the reasons analyzed below.

**I.     Background**

The material facts are undisputed. In October 2001, Richard and Patricia Patton bought property in Houston, Texas. Richard Patton applied for and obtained a Veterans Affairs mortgage loan from Home Trust Company. The Pattons made monthly payments on the mortgage until May 2004, when Richard Patton died. Shortly after the will was probated, Patricia Patton became the sole owner of the property. In 2005, Chase became the holder and servicer of the mortgage loan on the property.

1

Patricia Patton contacted Chase to discuss modifying the loan because of her limited income. Chase declined to modify her loan terms or her monthly payments. When she fell behind in the payments, Chase accelerated the loan in December 2004 and posted the property for foreclosure sale in January 2005. Patricia Patton has made no payments on the mortgage since January 2005. She has lived on the property throughout that period.

Patricia Patton filed for Chapter 7 bankruptcy protection and received a discharge in April 2005. Her mortgage loan was unaffected. Chase issued a "default and acceleration warning notice" in September 2008, giving her the option to pay the past due amount or face acceleration of the loan. In April 2011, Chase sent a written notice rescinding an earlier acceleration. In August 2011, Chase issued another default and acceleration warning notice, giving Patricia Patton the same option to pay the past due amount or face acceleration of the loan. She did not make any payments. Chase posted the property for foreclosure sale in November 2012. Patricia Patton filed for Chapter 13 bankruptcy protection, which was confirmed in February 2013.

In December 2015, Patricia Patton was suffering from dementia. In March 2016, her daughter, Kelly Patton became involved to try to prevent the foreclosure. Between October and December 2016, Kelly Patton contacted Chase to seek a loan modification on her mother's behalf. Kelly Patton alleges that in December 2016, a Chase representative told her in a phone call that her mother qualified for a loan modification. Shortly after that, Chase sent a letter to Kelly and Patricia Patton that Patricia Patton might qualify for a loan assumption and modification program. They sent in the required documents to apply. In February 2017, Chase denied the application because it "service[d] the mortgage on behalf of an investor or group of investors that hasn't approved a loan assumption and modification under this program." (Docket Entry No. 27-11 at 2). Kelly Patton

2

contacted the Veterans Affairs Administration and learned that Patricia Patton would have to cure the loan default before the assumption or modification request could be considered. They did not cure the default or make any payment. In May 2017, Chase advised the Pattons that the property would be posted for foreclosure sale on July 4, 2017. Kelly Patton requested a loan modification or other assistance from Chase in June 2017, without making any payment. Chase did not reply.

The plaintiffs sued in Texas state court. Chase timely removed on the basis of diversity of citizenship. (Docket Entry No. 1). The court granted Chase's motion to dismiss in November 2017, but granted the plaintiffs leave to amend to add a claim for declaratory judgment. (Docket Entry No. 25). The Pattons amended their complaint, and Chase moved for summary judgment. (Docket Entry Nos. 27, 34). The plaintiffs filed two motions for extensions of time to respond to the motion based on settlement negotiations. (Docket Entry Nos. 36, 38). The last extension ended on March 21, 2018. In a status report, the parties explain that they are continuing to discuss settlement, but that the "Plaintiffs are not compelled to spend the time and expense to respond" to the motion for summary judgment. (Docket Entry No. 40). They have not done so, and have not reported a settlement.

The only issue is whether Chase's prior loan accelerations, which were not followed by foreclosure within four years, bar its ability to foreclose now.

## II. The Legal Standard

"Summary judgment is appropriate only if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Vann v. City of Southaven, Miss.*, 884 F.3d 307, 309 (5th Cir. 2018) (citations omitted); *see also* FED. R. CIV. P. 56(a). "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a

verdict for the nonmoving party.'" *Burrell v. Prudential Ins. Co. of Am.*, 820 F.3d 132, 136 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). "The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Brandon v. Sage Corp.*, 808 F.3d 266, 269–70 (5th Cir. 2015) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

"Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating . . . that there is an issue of material fact warranting trial.'" *Kim v. Hospira, Inc.*, 709 Fed. App'x 287, 288 (5th Cir. 2018) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)). While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 n.16 (5th Cir. 1994)). A fact is material if "its resolution could affect the outcome of the actions." *Aly v. City of Lake Jackson*, 605 Fed. App'x 260, 262 (5th Cir. 2015) (citing *Burrell v. Dr. Pepper/Seven UP Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007)). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *Pioneer Exploration, LLC v. Steadfast Ins. Co.*, 767 F.3d 503 (5th Cir. 2014).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Bailey v. E. Baton Rouge Par. Prison*, 663 Fed. App'x 328, 331 (5th Cir. 2016) (quoting *Duffie v. United States*, 600

4

F.3d 362, 371 (5th Cir. 2010)). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Jurach v. Safety Vision, LLC*, 642 Fed. App'x 313, 317 (5th Cir. 2016) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Darden v. City of Fort Worth*, 866 F.3d 698, 702 (5th Cir. 2017).

## III. Analysis

Chase argues that the statute of limitations has not run and does not bar it from foreclosing on the property. The Pattons allege that Chase accelerated the loan in December 2004, but failed to foreclose within the statutory four-year period, and is now time-barred from foreclosing.

The parties agree that the limitations period is four years from the day the claim accrues. TEX. CIV. PRAC. & REM. CODE § 16.035(a). Generally, the limitations period does not begin to run until the maturity date of a loan. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). When a loan contains an optional acceleration clause, the claim accrues when the holder exercises its option to accelerate. *Id.* Acceleration requires a clear and unequivocal notice of intent to accelerate and notice of acceleration. *Id.* The parties agree that Chase first accelerated in December 2004. The issue is whether Chase rescinded that acceleration or whether it lost its right to foreclose four years later.

"The acceleration of a note can be abandoned 'by agreement or other action of the parties.'" *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 104 (5th Cir. 2015) (citing *Khan v. GBAK Props.*, 371

5

S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.)). "Abandonment of acceleration has the effect of restoring the contract to its original conditions, thereby restoring the note's original maturity date for purposes of accrual." *Id.* (quoting *Khan*, 371 S.W.3d at 353). Texas law frames abandonment of a prior acceleration in waiver terms. *Id.* at 105. "A lender waives its earlier acceleration when it 'put[s] the debtor on notice of its abandonment . . . by requesting payment on less than the full amount of the loan.'" *Id.* at 106 (quoting *Leonard v. Ocwen Loan Servicing, L.L.C.*, 616 Fed. App'x 677 (5th Cir. 2015)) (a second notice of default informing the plaintiffs that the total payment required to bring their loan current was the past-due amount manifested an unequivocal intent to abandon the prior acceleration).

On September 1, 2008, Chase sent the Pattons an "acceleration warning" letter, alerting them to the loan default and requesting payment of the past-due amount of $2,421.26. The letter stated: "Your failure to cure the default within 30 days from the date of this notice will result in the entire balance becoming due and payable under the terms of the Note and the Mortgage." (Docket Entry No. 35 at 130). On August 11, 2011, Chase sent a similar letter, stating that the Pattons owed a past-due amount of $48,636.56 and that they could pay that amount and cure the default within 30 days. (*Id.* at 133). The letter warned: "In the event the default has not been cured within thirty (30) days of this notice, the Mortgage Servicer will accelerate the maturity date of the Note evidencing the loan and declare all sums thereunder immediately due and payable." (*Id.*).

Both of these letters abandon the prior accelerations under *Boren*, 807 F.3d at 104. Chase requested payments for less than the full principal amount of $138,020.00 to cure the default and warned that failing to pay the lesser amounts would result in acceleration and foreclosure. "A plain example of waiver is where the lender 'put[s] the debtor on notice of its abandonment . . . by

6

requesting payment on less than the full amount of the loan.'" *DeFranceschi v. Seterus, Inc.*, No. 17-11151, 2018 U.S. App. LEXIS 10633, at *5 (5th Cir. Apr. 26, 2018) (quoting *Boren*, 807 F.3d at 106) (a notice of default and a request for payment of less than the full loan amount was "precisely the kind of action which *Boren* recognized as abandonment."). The September 2008 and August 2011 letters unequivocally manifested Chase's intent to abandon its prior accelerations. That action restored the loan to its original condition and maturity date for purposes of accrual. *See Seigel v. U.S. Bank Nat'l Ass'n*, 218 F. Supp. 3d 541, 546 (S.D. Tex. 2016) (notice of default and intent to accelerate abandoned prior acceleration and reset the statute of limitations).

During Patricia Patton's bankruptcy proceedings, from November 2012 to April 2017, an automatic stay prohibited Chase from foreclosing on the property. (Docket Entry No. 35 at 117). Because Chase could not exercise its right to foreclose during the bankruptcy proceedings, the statute of limitations was tolled. *See Garcia v. U.S. Bank Nat'l Ass'n*, No, 7:15-CV-278, 2016 U.S. Dist. LEXIS 157011, at *10 (S.D. Tex. Nov. 14, 2016); *HSBC Bank USA, N.A. v. Crum*, No. 3:14-CV-3522-B, 2016 U.S. Dist. LEXIS 22467, at *12 (N.D. Tex. Feb. 24, 2016).

Chase sent a letter with an express statement rescinding any prior acceleration in September 2017. (Docket Entry No. 35 at 125) ("[N]otice is hereby given that any acceleration of the Note . . . is rescinded."). That letter rescinded the August 2011 acceleration. At most, the statute of limitations ran for 20 months, from August 2011 to November 2012, and April to September 2017, but Chase did not abandon or waive its right to foreclose now.

The Pattons allege that Patricia Patton detrimentally relied on Chase's prior accelerations. "No court has ruled in favor of a plaintiff on the basis of the detrimental reliance exception." *Jatera Corp. v. U.S. Bank Nat'l Ass'n*, No. 3:16-cv-0242-K, 2017 U.S. Dist. LEXIS 144697, at *15–16

7

(N.D. Tex. Sept. 7, 2017); *see also Smith v. Select Portfolio Servicing, Inc.*, No. 4:17-CV-753-ALM-CAN, 2018 U.S. Dist. LEXIS 45707, at *11–13 (E.D. Tex. Feb. 28, 2018) (summarizing the state of the law on detrimental reliance and noting that many courts doubt whether such an exception exists). Even assuming that this exception exists, there is no basis to find detrimental reliance on this record. The Pattons neither submit nor point to record evidence that they relied on Chase's prior accelerations to their detriment. The only reference to reliance is in conclusory allegations in the amended complaint.

The Veterans Affairs Administration moves for summary judgment as the loan guarantor, arguing that it has no dispute with the Pattons for the court to decide. The Administration argues that the Pattons assert no claim against it in their amended complaint and do not allege that it asserted a right to foreclose or took any steps to foreclose. The amended complaint alleges that Chase denied the Pattons a loan modification because the "investor or group of investors" on whose behalf Chase services the loan did not approve the application. The Pattons apparently assume that Chase was referring to the Veterans Affairs Administration, but they do not point to competent record evidence supporting this.

The Pattons assert a single claim for declaratory judgment that Chase's December 2004 notice of acceleration began the statute of limitations, making Chase's ability to foreclose expire in December 2009. The Pattons allege that the Veterans Affairs Administration was the guarantor, but they plead no facts alleging that the Administration had any right to, or did, attempt to foreclose. The Pattons do not respond to the argument that they have no dispute with Veterans Affairs. The Administration's motion for summary judgment is granted, and the claims against it are dismissed with prejudice.

The defendants' motion for summary judgment is granted. The four-year statute of limitations has not run. Chase is not barred from foreclosing on the property. There is no dispute with the Veterans Affairs Administration. This case is dismissed, with prejudice, by separate order.

SIGNED on May 7, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge